UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BENNIE CLARK, | ) | |
|             Petitioner, | ) ) ) | |
|       v. | ) ) | No. 2:15-cv-00111-JMS-DKL |
| STANLEY KNIGHT, | ) ) | |
|             Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Bennie Clark for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. JCU 15-01-0009. For the reasons explained in this Entry, Clark's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On January 16, 2015, Sergeant A. Behmlander wrote a Report of Conduct in case JCU 15-01-0009 charging Clark with use or possession of an electronic device. The Report of Conduct states:

> On 12/19/2014, Sergeant S. Jeter while conducting a random shakedown found a cell phone hidden in a common area. On 12/23/2014 the cell phone was sent off to have the contents of it searched by certified staff. On 1-16-2015 at approximately 1159 a.m. the investigation was complete and the results were sent to I, Sgt. Behmlander. Upon Investigation it was determined that offender Bennie Clark#244641 used this cell phone to call the number 317-986-1794 belonging to a Natalie Bayer. Natalie Bayer was identified as a Friend of offender Clark through his telephone list that he submitted on 11-18-2014. This number also was found under the GTL Offender Phone system being called by Offender Clark#244641. Based on the preponderance of evidence in this case, offender Clark is being charged with a Class A-121 Use of Possession or an Electronic Device.

On January 16, 2015, Clark was notified of the charge of use or possession of an electronic device and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Clark was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, Offender Stephen Voils, and requested "GTL Call History/Facility offender telephone list" as physical evidence.

The hearing officer conducted a disciplinary hearing in JCU 15-01-0009 on January 23, 2015, and found Clark guilty of the charge of use or possession of an electronic device. In making this determination, the hearing officer considered the staff reports and evidence of the telephone histories. The hearing officer recommended and approved the following sanctions: a 180 day deprivation of earned credit time, and a demotion from credit class I to credit class II.

Clark's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Clark challenges the disciplinary conviction arguing that (1) Offender Voils was already found guilty of calling the number at issue; (2) the screening officer had input in the hearing determination; and (3) progressive discipline was not used.

1. *Offender Voils*

Clark first asserts that Offender Voils was already found guilty of calling the number on the cell phone. This argument implies that because Offender Voils called the number that was connected to the contraband cell phone, Clark could not have been connected to the phone. In other words, Clark argues that the evidence against him is insufficient to support the disciplinary charge.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The prison phone system shows that Clark called the number for Natalie Bayer. Natalie Bayer was listed as Clark's friend on Clark's telephone list. The cell phone call history shows that the phone was used to call Natalie Bayer. This is some evidence sufficient to support the

3

conclusion that Clark used the cell phone to call Natalie Bayer. Even if Voils also called Bayer, this does not necessarily refute the evidence that Clark did so as well. There was therefore sufficient evidence to convict Clark of the disciplinary charge.

### 2. *Hearing Officer*

Clark next argues that Sergeant Davis, who performed the screening of Clark's disciplinary charges, should not have been permitted to be present or have any input during his hearing. In other words, Clark appears to be arguing that he was denied an impartial decision-maker.

It is true that the protections of due process require that an inmate has an impartial decision-maker. Due process requires recusal only where the decision-maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). Sergeant Davis had no involvement with the circumstances underlying Clark's charge and Sergeant Davis was not the decision maker in this case. Clark therefore was not denied an impartial decision-maker.

### 3. *Sanctions*

Clark finally argues that the sanctions violated prison policy and were not "progressive discipline." Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution."); *see also Brown v. Rios*, 196 Fed.Appx. 681, 683 (10th Cir. 2006) (unpublished). Because Clark has alleged only that the

sanctions violated prison policy and not one of the protections of *Wolff*, he has shown no due process violation.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Clark to the relief he seeks. Accordingly, Clark's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>April 13, 2016</u>

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BENNIE CLARK
244641
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Counsel via ECF.